Mr. Gerald T. Buhr Counsel for the Town of Zolfo Springs Northfork Professional Center 1519 North Dale Mabry, Suite 100 Lutz, Florida 33549
Dear Mr. Buhr:
On behalf of the Town of Zolfo Springs, you ask substantially the following question:
Must a code enforcement special master designated by the town's governing body meet the residency requirements in section162.05(2), Florida Statutes?
In sum:
While section 162.05(2), Florida Statutes, requires that members of a code enforcement board be residents of a municipality, there is no requirement that a code enforcement special master appointed by the local governing body be a resident of the town.
Chapter 162, Florida Statutes, authorizes municipalities and counties to create quasi-judicial administrative code enforcement boards to provide "an equitable, expeditious, effective, and inexpensive method of enforcing any codes and ordinances in force in counties and municipalities[.]"[1] This office has consistently stated that those municipalities exercising the option to create a code enforcement board pursuant to Chapter 162, Florida Statutes, are bound by the provisions contained therein.[2] Section162.03(2), Florida Statutes, provides:
A charter county, a noncharter county, or a municipality may, by ordinance, adopt an alternate code enforcement system which gives code enforcement boards or special masters designated by the local governing body, or both, the authority to hold hearings and assess fines against violators of the respective county or municipal codes and ordinances. (e.s.)
Thus, the town is authorized to appoint members of a code enforcement board or special masters, or both, in order to carry out the administrative hearings and to assess fines for violation of its codes or ordinances.
Section 162.05(1), Florida Statutes, provides for the composition of and the appointment procedures for code enforcement boards, allowing a local governing body to "appoint one or more code enforcement boards and legal counsel for the enforcement boards."
This section further provides that "[m]embers of the enforcement boards shall be residents of the municipality, in the case of municipal enforcement boards[.]"[3] Thus, the plain language of the statute requires members of the municipal code enforcement board appointed by the municipality's governing body to be residents of the municipality.[4]
There is no analogous provision requiring that a person appointed by the municipality's governing body be a resident of the municipality. Had the Legislature wished to impose such a residency requirement, it could easily have done so. Chapter 162, Florida Statutes, recognizes that code enforcement boards and special masters have separate identities under the provisions contained therein.
Accordingly, it is my opinion that section 162.05, Florida Statutes, does not impose a residency requirement upon those persons appointed by a municipality's governing body to be special masters to hold hearings and assess fines against violators of the municipal codes and ordinances.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 162.02, Florida Statutes.
[2] See, Attorney General Opinions 87-24 (1987), 86-10 (1986), 85-84 (1985) and 85-27 (1985) (neither municipality or its governing body derives authority from Ch. 162, Fla. Stat., nor any home rule power from s. 2(b), Art. VIII, State Const., to enforce its codes in any manner other than as provided in Ch. 162).
[3] Section 162.05(2), Fla. Stat. (1994 Supp.).
[4] See, Op. Att'y Gen. Fla. 85-68 (1985) (governing body of municipality not authorized to appoint persons who are not residents of the municipality but who reside in an area served by the municipality's public works to serve as members of the municipal code enforcement board).